

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

WILLIAM T. ROBINSON,

    Plaintiff,

v.                                                           Civil Action No. **3:09CV249**

**PRISON HEALTH SERVICES,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a diabetic Virginia inmate, filed this action under 42 U.S.C. § 1983. The matter is before the Court for Plaintiff's failure to comply with the Court's prior directions regarding submitting a new complaint.

### I. Procedural History

Plaintiff's original complaint sprawled over 150 pages, named 39 individuals and entities as defendants, and contained scores of claims in various stages of legal development. By Memorandum Opinion and Order entered on March 26, 2009, the Court found that Plaintiff's complaint did not comport with Federal Rules of Civil Procedure 18(a) and 20(a)(2) pertaining to the proper joinder of defendants and claims. *Robinson v. Johnson*, 3:07cv00449, 2009 WL 874530, at *2 (E.D. Va. Mar. 26, 2009). Therefore, the Court severed all of Plaintiff's claims except for his claims against the first named defendant, Gene Johnson. *Id.* The Court informed Plaintiff that his severed claims would proceed as separate actions and that he must file new complaints for his severed claims. The Court informed Plaintiff that "[t]he new complaint(s) must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff also must state what civil rights he believes

each defendant violated and *explicitly state how said defendant's actions violated each constitutional right."* Id. (emphasis added). The Court further warned Plaintiff that the failure to submit a new proper complaint for any defendant or any claim would result in the dismissal of that claim or defendant. Thereafter, Plaintiff submitted the present complaint (hereinafter "the new complaint") and the Court processed his request to proceed *in forma pauperis*.

## II. Consequences of Plaintiff's failure to comply with the Court's directions and the appropriate Federal Rules of Civil Procedure

The new complaint is twenty-eight pages long, names thirty-two individuals and entities as defendants, and contains four causes of action, each of which contains numerous partially developed claims for relief. "Principles requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "Even *pro se* plaintiffs must recognize Rule 8's vision for 'a system of *simplified pleadings* that give notice of the general claim asserted, allow for the preparation of a basic defense, *narrow the issues* to be litigated, and provide a means for quick dispositions of sham claims.'" *Sewraz v. Guice*, No. 3:08cv00035, 2008 WL 3926443, at *1 (E.D. Va. 2008) (*quoting Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)). As explained below, despite the Court's prior admonitions, the new complaint fails to comport both with the Federal Rules of Civil Procedure regarding joinder and the Court's prior directions to adequately specify how each particular defendant's action allegedly violated his rights.

The First Cause of Action pertains to an incident on February 23, 2006, when Defendants Samuel L. Batts, Jacqueline V. Jones, and Marion V. Burke took Plaintiff's medically prescribed boots and socks without providing an adequate substitute. In the Second Cause of Action, Plaintiff complains that he has not been provided with an adequate diet. Additionally, in that

2

cause of action, Plaintiff complains about the denial of adequate recreational opportunities. Plaintiff names the following individuals and entities as defendants with respect to the myriads of claims relating to these events: Gene M. Johnson; Linda B. Shear; Maryland L. Pope; Prison Health Services, Inc.; Canteen Corrections, Inc.; Compass Group USA, Inc.; Camilo Creque; Michael Phillips; Supervisor Edmonds; Supervisor Joyner; Ben-Hur Soloria; Amjad Mughal; Frederick J. Schilling, III; George M. Hinkle; Samuel L. Batts; Tony King; Julia D. Lafoon; Beth E. Cabell; Alvin E. Harris, Benjamin A. Wright; and the Commonwealth of Virginia. In his Third Cause of Action, Plaintiff asserts that it hurts when he shaves. Plaintiff has been provided with a No Shave Pass, which allows him to avoid the prison's shaving requirements. The No Shave Pass must be renewed every six months. Plaintiff complains that he is required to shave each time he seeks to renew the No Shave Pass. Plaintiff names the following individuals and entities as defendants with respect to the Third Cause of Action: Gene M. Johnson; Frederick J. Schilling, III; Prison Health Services, Inc.; Ben-Hur Soloria; Amjad Mughal; and Julia D. Lafoon. In his Fourth Cause of Action, Plaintiff complains about the difficulties he experienced while attempting to utilize the prison grievance procedure to pursue complaints related to the first three causes of action. Plaintiff names the following individuals and entities with respect to the claims in the Fourth Cause of Action: Dana Y. Kinsley, Renee D. Woodson, Shirley A. Tapp; Gloria F. Sivels; Gloria Robinson; Powell; Arnold David Robinson; Marvin L. Dodson; Frederick J. Schilling, III; George M. Hinkle; Clyde R. Alderman; Jimmy Everette; Brunswick County; Greensville County; and the City of Emporia.

Plaintiff generally has not complied with the Court's directive to provide a concise explanation for each claim, for each defendant, as to why Plaintiff believes that defendant

violated his rights. *Robinson*, 2009 WL 874530, at *2 (directing Plaintiff "explicitly state how" each defendant's action violated his rights). Instead, for each of his causes of action, Plaintiff provides a narrative of events and then simply lists a series of statutes and constitutional provisions, often without providing a coherent statement as to why a particular defendant is liable. For example, in his First Cause of Action, Plaintiff claims that Defendants' denial of his socks and shoes violated his rights under the First Amendment because it was done in retaliation for his filing of grievances or lawsuits relating to his conditions of confinement. Plaintiff, however, does not provide any coherent description of the grievances or lawsuits that he had filed or why Defendants Batts, Jones, and Burke would plausibly be motivated to retaliate against him for filing such grievances or lawsuits.

Furthermore, contrary to the Court's prior directions, Plaintiff did not limit his new complaint to a single defendant or to a group of defendants whose liability arises from the "same transaction, occurrence, or series of transactions or occurrences" and whose liability shares a common question of law or fact." Fed. R. Civ. P. 20(a)(2). Rather, the complaint attempts to join unrelated defendants and unrelated claims. Accordingly, the Court will DISMISS WITHOUT PREJUDICE all claims except for Plaintiff's claims against the defendants in the First Cause of Action.[1] *See Jackson v. Olsen*, No. 3:09cv00043, 2010 WL 724023, at *8 (E.D. Va. Mar. 1, 2010) (explaining that plaintiff's repeated failure to comply with rules regarding joinder and specifying his claims empowers the Court "to employ a wide range remedial action in

---

[1] Contrary to the view expressed in the Court's prior opinion, dismissal without prejudice, rather than severance appears to be the appropriate remedy. *See Jackson v. Olsen*, No. 3:09cv00043, 2010 WL 724023, at *8 n.7 (E.D. Va. Mar. 1, 2010). Specifically, if Plaintiff acts promptly the dismissal without prejudice should not pose statute of limitations problems for Plaintiff in light of Virginia's tolling provision for pending actions. *Id.*

4

order to conserve scarce judicial resources"). Plaintiff is free to pursue these claims in a new action or multiple new actions.

The present action will proceed only with respect to the event described in the First Cause of Action. Given Plaintiff's general failure to explain how the Defendants Batts, Jones, and Burke violated Plaintiff's rights, the action will proceed only on Plaintiff's Eighth Amendment and equal protection claims against these defendants.[2] All other inchoate claims hinted at in the First Cause of Action will be DISMISSED WITHOUT PREJUDICE. The Court will attempt to serve Defendants Batts, Jones, and Burke.

An appropriate Order shall issue.

Date: JUN 1 6 2010
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge

---

[2] Plaintiff mentions the Americans with Disabilities Act ("ADA") and the Rehabilitation Act in his First Cause of Action. Plaintiff, however, has failed to identify appropriate defendants with respect to these claims. *See McNulty v. Bd. of Educ. of Calvert County*, No. 8:03cv02520, 2004 WL 1554401, at *5-6 (D. Md. July 8, 2004) (*citing Baird ex rel Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) for the proposition that neither the ADA nor the Rehabilitation Act permit actions against person in their individual capacities).

5